[No. 30850. Department One. July 15, 1949.]

MAE K. SCOTT, *Appellant*, v. JESSE SCOTT, *Respondent*.[1]

*Howard J. Thompson*, for appellant.

*Warren Hardy*, for respondent.

HILL, J.—We are asked by the appellant to find that the court below abused its discretion in refusing to modify the

[1] Reported in 208 P. (2d) 122.

custody provisions of an interlocutory decree of divorce entered on January 31, 1947, which was confirmed by a final decree entered August 19, 1947. By the interlocutory decree, the respondent was awarded custody of the two children, a boy then fourteen, and a girl of nine, and the appellant's right of visitation was circumscribed by the proviso that she was not to have the children at any time when E. E. Blair was "in sight or in evidence, in which case, her rights to see and have the children shall cease."

It should be noted that, in the divorce proceeding, the trial court found that the appellant had failed to prove her allegations that the respondent had an uncontrollable temper, that he was quarrelsome with and critical of her, and that he had been guilty of cruelty toward her. The court did find that, solely by reason of the appellant's conduct with E. E. Blair, the home life of the parties had been broken up; that she was not entitled to the care, custody, and control of the minor children; and that the respondent was a fit and proper person to have that care. The decree contained the somewhat unusual provision

" . . . that the parties hereto shall appear before the undersigned court on June 20th, 1947 at 10 o'clock a. m., then and there to review the homelife and conditions under which the said children have been maintained."

Whether or not the parties appeared before the court in conformity with this provision of the interlocutory decree, does not appear in the record. But it must be assumed that the order was complied with and that the court found the situation satisfactory, as the interlocutory decree was ratified and confirmed by the final decree.

The appellant married E. E. Blair on November 29, 1947. She admits that she has disobeyed that portion of the interlocutory order which provided that she was not to have the children at any time, in his sight or presence.

The appellant's petition for modification was verified on May 5, 1948, and the hearing thereon was had on October 5th and 6th.

It is clear that there is bitterness on the part of the boy, now sixteen, toward Mr. Blair. This attitude, which is entirely understandable, would make any attempt to place the boy in the custody of his mother the sheerest folly.

While we do not condone the type of language which the respondent concedes he sometimes uses in the home, and while we do not feel that the situation therein is ideal, there is no evidence that the children are not well cared for or that the respendent's care of them has in any way been detrimental to their welfare. It is to be noted that the daughter, now eleven, is living with her grandparents (the parents of the respondent), concerning whom the appellant has no criticism except the inadequacy of the plumbing facilities in their home.

In the larger counties where there are numerous judges, there seems to be a tendency to "shop around," with repeated petitions for modification of decrees involving the custody of children, in the hope of finding some judge more sympathetic with the petitioner's point of view than was the trial judge who entered the original decree, or the judge or judges who may have subsequently heard modification petitions. Such petitioners should not be permitted to retry the original divorce action, as the appellant sought to do in this proceeding. The testimony of her witnesses tended to establish her fitness as a wife and mother both before and after the entry of the interlocutory decree. That issue, as of the date of that decree, was decided adversely to her. There was no appeal, and that decree is not subject to collateral attack in the manner attempted here.

Aside from the facts that the appellant is now married to Mr. Blair and that the house they occupy has plumbing facilities superior to those in the home of the respondent's parents (in which home, as previously indicated, the daughter is now being cared for), we see little change in conditions since the interlocutory decree to warrant a modification of the custody provisions. In any event, a second superior court judge has now heard the appellant's story and has determined that no change should be made as to

the custody of the children.  We find no abuse of discretion in such a holding.  The order appealed from is affirmed.

JEFFERS, C. J., BEALS, STEINERT, and MALLERY, JJ., concur.